## SECOND DEPARTMENT, FEBRUARY, 1964

### (February 3, 1964)

■ ALGONQUIN GAS TRANSMISSION COMPANY, Respondent, v. KNIGHT McMENAMY COMPANY, INCORPORATED, et al., Defendants, and HERBERT HARVEY, Appellant.— In an action pursuant to article 15 of the Real Property Law to determine claims to certain real property, defendant Harvey appeals from an order of the Supreme Court, Rockland County, dated March 19, 1962, which granted plaintiff's motion for summary judgment and which, *inter alia,* declared that plaintiff is vested with an unincumbered fee title to the property and that the defendants are barred from all claim to any estate or interest therein, and directed the entry of judgment accordingly. Order reversed, without costs; motion for summary judgment denied; and judgment dated April 4, 1962 which was entered upon said order vacated. In our opinion, issues of fact exist as to whether the County of Rockland acquired and conveyed title to the real property which is the subject of this action; such issues should be resolved after a plenary trial. Beldock, P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.

■ MAE S. BRAY, Respondent, v. JOHN J. SAVER, Appellant.— In an action upon promissory notes and to recover damages for breach of a contract dated July 1, 1955, in which action the plaintiff pleaded four separate causes, the defendant appeals from a judgment of the Supreme Court, Suffolk County, entered March 26, 1963 upon the court's decision after a nonjury trial, in favor of plaintiff for $7,697.14. Judgment modified on the law and the facts as follows: (1) by amending its second decretal paragraph so as to increase from $3,015.72 to $3,105.72 the principal amount of plaintiff's recovery on the second cause of action; (2) by amending its third decretal paragraph so as to reduce from $726.02 to $242.68 the principal amount of plaintiff's recovery on the third cause of action; and (3) by adjusting the interest and plaintiff's total recovery accordingly. As so modified, judgment affirmed, with costs to the plaintiff, payable by the defendant. On July 1, 1961 the sum of $483.34 was due to the defendant from plaintiff pursuant to the 1955 agreement. This sum was never paid by plaintiff, and defendant is entitled to credit therefor. On the same date the sum of $3,105.72 was due to plaintiff from the defendant on the latter's note. This sum was not paid by defendant; and plaintiff is entitled to recovery in that amount rather than in the sum of $3,015.72 as appears in the judgment appealed from. Additional findings consistent herewith are hereby made; and findings of the trial court inconsistent herewith are accordingly modified or reversed. Beldock, P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.